## CIRCUIT COURT OF THE CITY OF RICHMOND

Sheila S. Mills,
Adm'x of the estate of
Emmett Wade Mills,
deceased

v.

MCC Behavioral Care, Inc., et al.

September 6, 1995

Case No. LA-81-1

BY JUDGE MELVIN R. HUGHES, JR.

This is a wrongful death suit claiming malpractice in the care and treatment of plaintiff's decedent by several health care providers and health care groups, which allegedly led to the decedent's committing suicide.

On August 24, 1995, plaintiff brought forward a Motion to Compel Deponents Carolyn Weinstein, John Bistline, and Norman Winegar to Answer Deposition Questions. On May 24, July 12, and July 13 plaintiff deposed defendant Weinstein, Norman Winegar and John Bistline. Winegar and Bistline are employed by one of the group defendants and Weinstein is a named defendant. During the depositions, counsel for plaintiff asked each deponent to identify any documents they had reviewed in preparation for their depositions. Counsel for defendants objected and instructed the witnesses they could identify only those documents they reviewed without counsel. The ground for objection is that any documents the witnesses reviewed with counsel is attorney work product. Plaintiff argues that work product should not protect the mere identity of documents and that any work product or attorney client privilege was waived when the deponent consulted with the attorney beforehand using documents to refresh recollection. The court agrees with defendant's position and decides to overrule the motion.

Identifying documents the deponents reviewed with counsel in preparation for their depositions is attorney work product. By revealing the identity of particular documents out of the array of all documents pertaining to the case the thought processes of counsel in selecting those documents for use with the witnesses in preparing for the testimony would also be revealed. *Sporck v. Peil*, 759 F.2d 312, 315 (3d Cir. 1985). This would reveal the mental impressions, conclusions and opinions of counsel. Rule 4:1(b)(3). Plaintiff's argument that this case is similar to cases in federal court deciding issues under Rule 612 of the Federal Rules of Evidence is misplaced. The federal cases cited hold that reviewing a small selection of documents with a witness to refresh memory to prepare for depositions waives attorney work product. See *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138 (D. Del. 1982).

Besides not adopting any rules of evidence Virginia has not expanded the common law evidentiary rule relating to what document counsel can see when they are used to refresh a witness' recollection. Under the common law, the adverse party has a right to examine material used to refresh recollection but not those used to refresh memory prior to testifying. *McGann v. Commonwealth*, 15 Va. App. 448, 451-452 (1992). Federal Rule 612, expands on the common law because by the words of the rule an adverse party is entitled to have the material produced of a writing "while testifying," which is consistent with common law, or "before testifying, if the court in its discretion determines it is necessary in the interests of justice," which is a departure. Consequently, plaintiff's argument that use of any documents constitutes a waiver according to federal cases is inapposite. Virginia still adheres to the common law approach in this area.

For these reasons, plaintiff's motion to compel must fail.