## CIRCUIT COURT OF ROCKINGHAM COUNTY

Donald R. Shanholtzer

v.

Kimberly G. Dean
and Sarah E. Dunham

April 18, 2000

Case No. (Law) CL99-11745

BY JUDGE JOHN J. MCGRATH, JR.

This case is before this court on Plaintiff's motion to compel. The relevant facts are quite simple. Plaintiff has sued Defendants for damages he sustained in an automobile accident. During a deposition of the Defendant, Kimberly Dean, on January 10, 2000, Plaintiff's counsel asked Dean to identify all items, including statements and photographs, that she reviewed and relied upon in preparation for her deposition. Plaintiff also requested that Dean provide those items to Plaintiff so that he may have an opportunity to review them. Dean's counsel objected to the question, citing attorney work product and instructed Dean not to answer the question. Plaintiff has now moved this court to compel Defendant, Dean, to answer the question and produce such items. Dean's counsel has represented to the court that all items that Dean reviewed prior to her deposition were items that were previously produced in discovery.

In Virginia, trial courts are expressly authorized by the rules governing discovery "for good cause shown [to] make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Shenandoah Publishing House, Inc. v. Fanning,* 235 Va. 253 (1988). The circumstances and facts of the case at hand are quite limited. Because all the items Dean reviewed prior to her deposition have already been turned over to opposing counsel in discovery, forcing Dean to

identify what specific items she looked over would only serve to invade defense counsel's work product. Once all documents have been turned over in discovery, answering a question such as this would reveal defense counsel's trial tactics and thoughts by way of showing Plaintiff exactly what the Defendant feels is and is not important to his or her case. Because Plaintiff is already privy to the documents reviewed by Dean before her testimony, this is not an instance in which the court should order the defendant to answer in order to avoid "annoyance, embarrassment, oppression or undue burden or expense" as the court stated in *Shenandoah Publishing House, supra.* Furthermore, this Court finds Judge Hughes' opinion in *Mills v. MCC Behavioral Care* quite relevant to the case at hand. *See Mills v. MCC Behavioral Care, Inc.,* 37 Va. Cir. 225 (City of Richmond 1995) (Hughes, J.) In *Mills,* Judge Hughes points out that the cases that have allowed such questions during depositions are irrelevant to the issue at hand; they are federal cases that rely on a federal rule of evidence that Virginia has not adopted. *See id.* (citing F.R.E. 612). Since the Commonwealth of Virginia still relies on its common law for the rules of evidence and since, in this instance, the question serves no other purpose other than invading defense counsel's work product, the Plaintiff's Motion to Compel is denied.

The Clerk of the Court is directed to send certified copies of this order to John B. Krall, Esq., Counsel for Plaintiff, and Mark D. Obenshain, Esq., Counsel for Defendant.